Theodore Nyman
3321 Strawberry Run
Davidsonville, MD 21035

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND

### BALTIMORE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| Theodore Rylander Nyman | ) | Case No. 10-21208-DWK |
| Debtor | ) | |
| _____ / | | |

**DEBTOR'S OPPOSITION TO
MOTION FOR RELIEF FROM
AUTOMATIC STAY**

Hearing Date: June 28, 2010
Hearing time: 1:30 PM
Courtroom 1B
Judge Keir

### DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Comes now, Theodore R. Nyman(debtor), to oppose the motion for relief from automatic stay brought forth by Brian S. McNair (McNair) of the law offices of Buonassassi, Henning & Lash. McNair purports to be an attorney representing The Bank of New York Mellon, fka The Bank of New York as successor in interest to JP Morgan Chase Bank NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALS-A Trust 2005-9, Mortgage Pass-Through Certificates, Series 2005-9 (MELLON). McNair asserts that "A copy of said note, attached hereto, marked as exhibit B..."was contained in the documents sent to debtor and Lori S. Simpson, Trustee on or about 4 June, 2010. For the record, there is no document marked "Exhibit B" to be found in the aforementioned package. In addition, McNair asserts that "Exhibit A" is a "total debt settlement" yet found in the package are two documents marked "Exhibit A", one titled "CASE INFORMATION REPORT" pertaining in fact to the settlement of debt, and the other a "PAYOFF CALCULATION TOTALS

10/15/09 NAME MC WILLIAMS CONTACT NAME MARY C WILLIAMS". Furthermore, McNair references a Deed of Trust "marked as Exhibit B-1" yet no such marked document can be found. McNair in his sloppy preparation of the motion for relief from stay has thoroughly confused the debtor, who demands clarification and requests that said motion be denied purely on this fact.

To more substantive matters, debtor's Deed of Trust names GEORGE H. MANTAKOS and ROBERT P. WARR. "MERS" is also named "...acting solely as nominee for the lender and lender's successors and assigns. McNair did not assert the note holder MELLON nor MERS have any beneficial interest in any note nor did he claim MERS could enforce a note in it's own right.

MERS nor MELLON is a "real party in interest", in whose name a motion for relief from stay could be prosecuted. McNair has presented no evidence of debt to the trustee to give standing to move the court, which could form the basis for lifting the automatic stay. MERS nor MELLON are creditors, therefore not a party to this bankruptcy.

To have standing in this bankruptcy, MELLON and MERS must establish it's authority, as holder of some debt of the debtor to move the court, or be acting for the holder of such debt. Neither MELLON nor MERS have presented evidence of debt, obligation, liability, or duty to the trustee for administration.

Attorney McNair has failed to establish that MELLON and MERS have standing to pursue a motion for relief from stay in order to enforce the deed of trust. The deed of trust is a nullity if not accompanied by a note.

> "Before the court is a motion for relief from the automatic stay of U.S.C. 362(a) to enforce a deed of trust on the Debtor's residence. As it is neither brought in the name of the real party in interest, nor by anyone with standing, then motion for relief from stay will be DENIED." *In Peter A. Jacobson and Maria E. Jacobson, USBC, W.D. Washington, No. 08-45120 (2009).*

> "The note & mortgage are inseparable; the former as essential, the latter is an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity". ... "Transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter". *Carpenter v. Longan*, 16 Wall. 271, 83 U.S. 271, 275, 21 L.Ed. 313 (1872).

"There are 2 issues that MERS must address with respect to the promissory note, first it must authenticate the note, second it must show that it is entitled to enforce the note... A promissory note cannot be admitted into evidence unless it is authenticated." *In re Raymond Vargus US Bankr. C.D., Cal. LA08-17036SB (2008).*

If the Supreme Court of the United States can be relied upon to accurately state the law of the land; and

If Judge Keir of the bankruptcy court for the District of Maryland can be relied upon to accurately quote the supreme court;

Then the entry into the record of this bankruptcy by 'MERS' and MELLON or attorneys 'representing' MERS and MELLON is to advance a nullity into the record of this case. To ask this judge to bless this fraud, by lifting the automatic stay provision of the bankruptcy laws would in effect cause him to join the fraudulent activity, and render the debtor and his family homeless and destitute.

Nothing has been shown in this bankruptcy that would lead anyone to believe that MELLON and MERS were created with the capacity to sue or be sued. In addition, there is no power of attorney or letter of appointment in the record of this case to give McNair the authority to 'represent' anyone.

Therefore, the fact that McNair in advancing the proposition that he, or someone he 'represents', somehow holds an obligation of debtor that cannot be evidenced at this time, can only be viewed as fraud based on nullity.

To seriously consider such blatant disregard for the rules of evidence and procedure would be a slanderous affront to the United States Supreme Court and to the credibility of Judge Keir, USBC Maryland.

The property at issue is 3321 Strawberry Run, Davidsonville, MD 21035. This property is the primary dwelling of debtor recorded in Anne Arundel County grant deed. Theodore Nyman is a 60% disabled veteran.

Theodore Nyman (debtor) prays the court:

1. Deny the motion to lift the automatic stay requested.

2. Keep the automatic stay in effect as to all creditors or non-parties until further order of the court.

I declare under the penalty of perjury the foregoing is true correct and certain to the best of my knowledge and ability.

This declaration executed this June 8th 2010.

*Theodore Nyman*